UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANSHIOUS B.D. ARON-STOREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00335-JRS-MG |
| | ) | |
| J. QUILLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Anshious Aron-Storey is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging defendants served him spoiled food and/or used excessive force against him in violation of the Eighth Amendment. On November 24, 2025, the Court screened Mr. Aron-Storey's original complaint and allowed excessive force claims to proceed against defendants Sgt. D'Angelo and Officer Quillen. Dkt. 15 at 5. It also allowed an Eighth Amendment claim to proceed against Sgt. D'Angelo related to her being aware that Mr. Aron-Storey was regularly receiving spoiled food. *Id.* The Court also noted that Mr. Aron-Storey appeared to have adequately stated excessive force claims against several unidentified defendants in relation to the cell extraction. *Id.* The Court allowed Mr. Aron-Storey to conduct limited discovery in this matter to try to identify these persons and to file an amended complaint if he could identify them. *Id.* at 6-7.

After being granted two extensions of time to file an amended complaint, Mr. Aron-Storey has now done so. Dkt. 40. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Aron-Storey's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names as defendants (1) Sgt. D'Angelo; (2) Lt. Hiatt; (3) Officer J. Walk;

2

(4) Officer D. Morrison; (5) Officer C. Allen; (6) Officer C. Baxley; (7) Officer K. Knickerbocker; (8) Officer Quillen; and (9) Officer Railey.

The complaint alleges that on March 11, 2025, Mr. Aron-Storey refused to accept a kosher meal tray Officer Quillen attempted to give him and which had been tampered with. Officer Quillen knew that Mr. Aron-Storey had been refusing his food trays for the past 3 days because of tampering. Officer Quillen refused to replace the tray and told Mr. Aron-Storey that he would have a superior officer come talk to him about his food, but no one ever did so. Then, while Officer Quillen was walking past Mr. Aron-Storey's cell, he forcibly slammed the cuffport closed on Mr. Aron-Storey's hand without warning, causing injury.

After the incident with Officer Quillen, Officers Walk, Morrison, Allen, Baxley, and Knickerbocker participated in a forced extraction of Mr. Aron-Storey from his cell. Lt. Hiatt and Sgt. D'Angelo supervised the extraction. The officers used excessive force when extracting Mr. Aron-Storey, including by putting restraints too tightly on his ankles and wrists, which was exacerbated by forcing him to lay on the floor on his stomach and pushing his legs into his back. Mr. Aron-Storey had pain and numbness in both wrists and left hand and arm for weeks or months afterwards.

After Mr. Aron-Storey was put back in his cell, he "was fed rotten food through the rest of that month [March 2025] by, among others, Officers Quillen and Railey." Dkt. 40 at 3. A few days earlier, Officer Quillen had threatened to keep giving Mr. Aron-Storey rotten food until he "went on strip cell." *Id.* at 4. On April 11, 2025, Mr. Aron-Storey talked to Sgt. D'Angelo about the rotten food. She told Mr. Aron-Storey

3

that she knew he was getting rotten food and she had ordered officers not to give him replacement trays.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, as before an Eighth Amendment excessive force claim **will continue to proceed** against Officer Quillen based on smashing Mr. Aron-Storey's hand in the cuffport. An Eighth Amendment excessive force claim also **will continue to proceed** against Sgt. D'Angelo related to her alleged failure to stop the use of excessive force against Mr. Aron-Storey during his cell extraction. And an Eighth Amendment claim also **will continue to proceed** against Sgt. D'Angelo based on her alleged awareness that Mr. D'Angelo was receiving rotten or tampered-with food for several weeks and failing to take any action to correct the problem.

Eighth Amendment excessive force claims also now **shall proceed** against Lt. Hiatt, Officer Walk, Officer Morrison, Officer Allen, Officer Baxley, and Officer K. Knickerbocker in relation to the cell extraction. Eighth Amendment claims also now **shall proceed** against Officer Quillen and Officer Railey in relation to the repeated giving of rotten food to Mr. Aron-Storey.

## IV. Conclusion and Service of Process

The **clerk is directed to terminate** Jane Doe #1 and John Does #1-7 as defendants on the docket. The **clerk is directed to add** Lt. Hiatt, Officer J. Walk, Officer D. Morrison, Officer C. Allen, Officer C. Baxley, and Officer K. Knickerbocker

4

as defendants on the docket. The **clerk is directed** to change the name of defendant "Raley" to "Railey."

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Hiatt, Walk, Morrison, Allen, Baxley, Knickerbocker, and Railey in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on May 21, 2026, dkt. [40], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: _____6/22/2026_____        _____

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record via email

Electronic Service to Indiana Department of Correction:
      Lt. Hiatt
      Officer J. Walk
      Officer D. Morrison
      Officer C. Allen
      Officer C. Baxley
      Officer K. Knickerbocker
      Officer Railey
      (All at Wabash Valley Correctional Facility)

ANSHIOUS B.D. ARON-STOREY
265441
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only